DAVID T. NIES, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Nies v. Commissioner
Docket No. 8149-84.
United States Tax Court
T.C. Memo 1985-216; 1985 Tax Ct. Memo LEXIS 418; 49 T.C.M. (CCH) 1405; T.C.M. (RIA) 85216; May 6, 1985. *418 Held, R's Motion for Judgment on the Pleadings is granted. Held further, R's Motion to Award Damages Under I.R.C. Sec. 6673 is granted and damages are awarded to the United States in the amount of $5,000 since P instituted and maintained this proceeding primarily for delay and his position herein is groundless and frivolous. David T. Nies, Jr., pro se. Elizabeth S. Henn, for the respondent. STERRETT
MEMORANDUM OPINION STERRETT, Acting Chief Judge: Respondent's Motion for Judgment on the Pleadings and respondent's Motion to Award Damages under I.R.C. Sec. 6673 were assigned to Special Trial Judge Francis J. Cantrel for hearing, consideration and ruling thereon. [1] After a review of the record, we agree with and adopt his opinion which is set forth below. *421 OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is before the Court on respondent's Motion for Judgment on the Pleadings and respondent's Motion to Award Damages under I.R.C. Sec. 6673, [2] which motions were filed on March 15, 1985. Respondent, in his notice of deficiency issued to petitioner on December 29, 1983, determined deficiencies in petitioner's Federal income tax and additions to the tax for the taxable calendar years 1980 and 1981 in the following respective amounts: Additions to Tax, I.R.C. 1954
Years
Income Tax
Sec. 6651(a)
Sec. 6653(a)(1)
Sec. 6653(a)(2)
1980
$10,784.00
$286.00
$539.20
1981
12,182.00
609.10
50% of the
interest due
on $12,182.00
The adjustments to income as determined by respondent in his deficiency notice are: 1980
1981
Adjustments to Income [3]
$31,838.00
$35,350.00
State Tax Refund
278.00
$32,116.00
$35,350.00
*422 Petitioner resided at 13205 Tamarack Road, Silver Spring, Maryland on the date he timely filed his petition. He filed individual 1980 and 1981 Federal income tax returns with the Internal Revenue Service. Respondent filed his answer on May 18, 1984. Hence, the pleadings are closed. Respondent's motion for judgment on the pleadings was filed more than 30 days after the pleadings were closed. See Rules 34, 36, 38 and 120. [4]
Rule 34(b) provides in pertinent part that the petition in a deficiency action shall contain "* * * Clear and concise assignments of each and every error whfich the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability * * *" and "* * * Clear and concise lettered statements of the facts on which petitioner bases the assignments of error * * *." [Emphasis added.] Petitioner, at paragraphs 7 through 10 of his petition, alleges: "* * * 7. The facts upon which the petitioner relies as the basis of his case are that: A. The petitioner is a natural individual who receives wages which are not a gain *423 or profit which constitutes 'gross income' and creates no liability to a tax. See Internal Revenue Code, Title 26, Sections 1011, 1012, 1013, 1014 and 1015. B. The respondent and/or his agents, have failed and/or refused to establish facts sufficient to show or prove the receipt of gross income by this petitioner. C. The dispute concerning the deficiencies and penalties set out in items 3 and 5 above [which items merely recite the determinations made by respondent in his deficiency notice] will be more properly addressed in the motion to dismiss or abate the alleged deficiencies and penalties, accompanied by a Memorandum of Law, with argument. 8. Petitioner is not a person liable under Section 6001, nor is he subject to the provisions of Subtitle A of the Internal Revenue Code. 9. Only states can be billed and taxed directly. Petitioner is not a state, but a natural individual. 10. OMB number and expiration date, both, do not appear on the notice of deficiency or any other papers received by the petitioner alleging taxes, interest, penalties, etc. due for the years in question. Therefore, they are 'bootleg' requests and not requirements." [5]
*424 It is clear to the Court that petitioner is yet another in a seemingly unending parade of tax protesters bent on glutting the docket of this Court and others with frivolous and groundless claims all with a single purpose in mind - to delay the payment of Federal income tax lawfully due their government. It is clear beyond doubt that his petition alleges no justiciable error with respect to any of the Commissioner's determinations and no justiciable facts in support of any error are extant therein. [6] Since he has no valid defense to the Commissioner's determinations he uses this forum as a platform to unleash a plethora of frivolous and groundless legal and constitutional contentions which have been rejected by this Court and others on innumerable occasions. We answer those contentions, as gleaned from the record, hereinbelow. *425 Section 7701(a)(1) defines a "person" as an individual, estate, partnership, association, company, or corporation. It is clear that petitioner is a "person" who is required to file valid Federal income tax returns and pay income tax due for the years in question. See section 6012. The authority of Congress to impose and collect Federal income taxes from individuals has long been upheld as constitutional. James v. United States,366 U.S. 213 (1961); O'Malley v. Woodrough,307 U.S. 277 (1939); Lynch v. Hornby,247 U.S. 339 (1918). The determinations made by respondent in his notice of deficiency are presumed correct; the burden of proof is on petitioner [not respondent] to show those determinations are wrong, and the imposition of the burden of proof is constitutional. Welch v. Helvering,290 U.S. 111 (1933); Rockwell v. Commissioner,512 F.2d 882, 887 (9th Cir. 1975); Rule 142(a). This Court generally (as is the case here) will not look behind a deficiency notice to examine evidence used or the propriety of the Commissioner's motives or of the administrative policy or procedures involved *426 in making his determinations. Proesel v. Commissioner,73 T.C. 600 (1979); Greenberg's Express, Inc. v. Commissioner,62 T.C. 324, 327 (1974). Respondent issued a valid notice of deficiency, a timely petition was filed and this Court has jurisdiction of this case. Sections 6212, 6213 and 6214. Gross income means all income from whatever source derived. It includes income realized in any form, whether in money, property, or services. Section 61. Income as defined under the Sixteenth Amendment is "gain derived from capital, from labor, or from both combined." Eisner v. Macomber,252 U.S. 189, 107 (1920). Section 61 encompasses all realized accessions to wealth. Commissioner v. Glenshaw Glass Co.,348 U.S. 426 (1955). See United States v. Buras,633 F.2d 1356, 1361 (9th Cir. 1980), where the Court said--"* * * 'the earnings of the human brain and hand when unaided by capital' are commonly treated as income" and "* * * the Sixteenth Amendment is broad enough to grant Congress the power to collect an income tax regardless of the source of the taxpayer's income." [Citations omitted.] "One's gain, *427 ergo his 'income,' from the sale of his labor is the entire amount received therefore without any reduction for what he spends to satisfy his human needs." Reading v. Commissioner,70 T.C. 730, 734 (1978), affd. 614 F.2d 159 (8th Cir. 1980). "Although the wages [gross income] received by [taxpayer] may represent no more than the time-value of his work, they are nonetheless the fruit of his labor, and therefore represent gain derived from labor which may be taxed as income." [Emphasis added.] Rice v. Commissioner,T.C. Memo. 1982-129, and cases cited therein. [7]
Petitioner's assertion that he is not a person required to pay tax as he is not an officer, employee or elected official of the United States, a State, or any political subdivision *428 thereof, or of a corporation, is wholly meritaless. United States v. Rice,659 F.2d 524, 528 (5th Cir. 1981). Petitioner appeared at the hearing at Washington, D.C. on April 24, 1985. Upon inquiry by the Court, he advised that during 1980 and 1981 he was an electrical engineer and that he was paid by check for his "labor or property." [8]
Petitioner's unrelenting insistence that the Internal Revenue Service recognized his status of "nontaxpayer" by refunding to him all of the Federal income tax (property according to petitioner) withheld by his employers (over petitioner's objection) for the taxable years 1980 and 1981 is wholly misplaced. Suffice it to say that respondent is not estopped from determining *429 a deficiency in petitioner's Federal income tax. See Milleg v. Commissioner,19 T.C. 395 (1952); Stierhout v. Commissioner,24 T.C. 483 (1955), which involved refund arguments similar to petitioner's. Furthermore, he is empowered to correct retroactively mistakes of law, if one was made herein, in the application of the tax laws to particular transactions, even where a taxpayer may have relied to his detriment on the Commissioner's mistake. Dixon v. United States,381 U.S. 68, 72-73 (1965). [9]
On this record, respondent has demonstrated *430 to our satisfaction that the pleadings do not raise a genuine issue of material fact, but rather only involve issues of law. Accordingly, for the reasons heretofore expressed herein, respondent's Motion for Judgment on the Pleadings will be granted. Finally, we consider whether we should award damages to the United States under section 6673. The Congress of the United States in its expressed desire to stem "the ever-increasing caseload of the Tax Court" amended section 6673 and made that amendment applicable "to Tax Court cases begun on or after January 1, 1983." [10]
*431 Section 6673, as amended, and as applicable to this case, provides-- Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax. This, when this Court, in its discretion, determines that a proceeding has been instituted or maintained by the taxpayer primarily for delay or that a taxpayer's position in a proceeding before this Court is frivolous or groundless, damages of up to $5,000 "* * * shall be awarded to the United States * * *" under the clear mandate of the statute. The word "groundless" is a word of common usage and is defined in Webster's Third New International Dictionary Unabridged as--"having no ground or foundation: lacking cause or reason for support." Here, where no justiciable facts are contained in the petition, the *432 only inference we can draw therefrom is that petitioner's position in this proceeding is groundless. Furthermore, the conclusion is inescapable that this proceeding was instituted primarily for delay. On this record, we make the following ultimate findings of fact: (1) the petition filed herein is legally groundless and the position advanced therein is both groundless and frivolous; and (2) this proceeding was instituted and is being maintained primarily for delay. [11]
In accord with the foregoing, we conclude that this proceeding was instituted and maintained primarily for delay; that petitioner's position herein is frivolous and groundless; that damages in the amount of $5,000 are appropriate; and, therefore, in our discretion, damages in that amount will be awarded to the United States under section 6673. [12]
*433 An appropriate order and decision will be entered.
Footnotes
1. This case was assigned pursuant to Delegation Order No. 8 of this Court, 81 T.C. XXV (1983).↩
2. All section references are to the Internal Revenue Code of 1954, as amended.↩
3. These amounts reflect wage income received by petitioner in 1980 and 1981, for which amounts petitioner took a deduction on his Federal income tax returns which respondent has disallowed.↩
4. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
5. This is the sum and substance of petitioner's position as reflected in the only pleading he has filed in this case.↩
6. In such circumstance, Rule 34(b) states, in part--"Any issue not raised in the assignment of errors shall be deemed to be conceded." See Jarvis. v. Commissioner,78 T.C. 646, 658 (1982). Moreover, the absence in the petition of specific justiciable allegations of supporting facts permits this Court to grant respondenths motion. Waldweiler v. Commissioner,351 F.2d 587, 588 (7th Cir. 1965), affg. an order of dismissal and decision of this Court; Scherping v. Commissioner,747 F.2d 478 (8th Cir. 1984), affg. per curiam an order of dismissal and decision of this Court; Nyhus v. Commissioner,594 F.2d 1213 (8th Cir. 1979), affg. an order and decision of this Court; Klein v. Commissioner,45 T.C. 308 (1965); Weinstein v. Commissioner,29 T.C. 142↩ (1957).
7. See Beck v. Commissioner,707 F.2d 504↩ (4th Cir. 1983), affg. without published opinion an order of dismissal and decision of this Court. There, the Court agreed that wages (or property as instant petitioner exhorts) are income subject to Federal income tax. We observe that venue on appeal of this case lies in the United States Court of Appeals for the Fourth Circuit.
8. On April 24, 1985 petitioner filed the following documents: (1) Response to Respondent's Motion for Judgment on the Pleadings; (2) Petitioner's Memorandum of Law in Support of Response to Respondent's Motion for A Judgment on the Pleadings; and (3) Response to Respondent's Motion to Award Damages Under I.R.C. Sec. 6673. We have carefully reviewed each of the above-described documents and find them to be devoid of merit.↩
9. We note with some interest, that petitioner, who insists he is a "nontaxpayer", has appended to his response to respondent's motion for judgment on the pleadings an "Attachment A" wherein he indicates he is entitled to various stated deductions. Respondent's motion for judgment on the pleadings cannot be defeated by factual assertions in a response of the party opposing it, inasmuch as documents of this character are self-serving and are not probative evidence of the existence or nonexistence of any factual issues. See and compare Smith v. Commissioner,T.C. Memo. 1983-706↩.
10. The Committee Report to sec. 292(b), Pub. L. 97-248, 96 Stat. 574, states, in pertinent part-- "[T]he committee is concerned with the over-increasing caseload of the Tax Court and the impact that this legislation may have on that caseload. * * * In addition, the committee decided to increase the damages, i.e., penalty, that may be assessed against a taxpayer when proceedings are instituted for delay, and to expand the circumstances under which the Tax Court may assess those damages." [H. Rept. No. 97-404, p. 11.] Although amended sec. 6673 was initially effective only for an action or proceeding commenced in this Court after December 31, 1982, the statute now permits damages to be awarded under sec. 6673 as amended where a proceeding was commenced priorto↩ January 1, 1983 and continues to be maintained as of November 15, 1984. Tax Reform Act of 1984, Pub. L. 98-369, 98 Stat. 696, sec. 160, amending TEFRA Act sec. 292(e)(2).
11. Regrettably and as a result of our consideration of this case, cases of petitioners with worthwhile controversies have been delayed.↩
12. See Coulter v. Commissioner,82 T.C. 580 (1984); and Abrams v. Commissioner,82 T.C. 403 (1984). See also Bridickas v. Commissioner,T.C. Memo. 1985-47; Bomhardt v. Commissioner,T.C. Memo. 1984-628; Maxwell v. Commissioner,T.C. Memo. 1984-566; Paulson v. Commissioner,T.C. Memo. 1984-430; and Hinshaw v. Commissioner,T.C. Memo. 1984-250↩.