JAMES T. KEATING AND GERTRUDE KEATING, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Keating v. Commissioner
Docket No. 31330-83.
United States Tax Court
T.C. Memo 1985-312; 1985 Tax Ct. Memo LEXIS 329; 50 T.C.M. (CCH) 233; T.C.M. (RIA) 85312; June 25, 1985. *329 Ps have totally failed to produce documents and answer interrogatories despite a specific order of this Court directing them to do so. Held, Ps' failure constitutes a default under the circumstances of this case. R's Motion to Impose Sanctions seeking, inter alia, a judgment for default under Rule 104(c)(3), Tax Court Rules of Practice and Procedure, is granted. Held further, in these circumstances, and on the Court's own motion, damages in the amount of $5,000 are awarded to the United States since Ps are maintaining this proceeding primarily for delay and their position herein is groundless. Sec. 6673, I.R.C. of 1954. George L. Ryan, for the petitioners. [1]
Elizabeth M. Fasciana and Charles E. Williams, for the respondent. FEATHERSTON MEMORANDUM OPINION FEATHERSTON, Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting *330 the hearing and ruling on respondent's Motion to Impose Sanctions filed herein. After a review of the record, we agree with and adopt his opinion which is set forth below. [2]
OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is before the Court on respondent's Motion to Impose Sanctions filed on April 25, 1985 pursuant to Rule 104(c). [3] The parties were afforded a full opportunity to present their position to the Court at the Washington, D.C. Motions Session on June 5, 1985. Neither petitioners nor their counsel made an appearance nor did they file a response to respondent's motion. [4] Counsel for respondent appeared and presented argument, at the conclusion of which the Court took respondent's motion under advisement. Respondent, in his notice of deficiency issued to petitioners on August 8, 1983, determined a deficiency in petitioners' Federal income tax for the taxable calendar year 1979 in the amount of $25,109.00. The principal adjustment to income as determined by respondent *331 in his deficiency notice represents a disallowance of $13,200 claimed by petitioners on Schedule C attached to their joint 1979 Federal income tax return for a master recording entitled "Success Building Vocabulary Program Group A, Level 3." [5] Petitioners resided at 26 Night Heron Drive, Stony Brook, New York on the date they timely mailed and, thus, timely filed their petition. [6] As indicated earlier, they filed a joint 1979 Federal income tax return with the Internal Revenue Service. The petition herein was filed on November 7, 1983 and respondent filed his answer thereto on December 27, 1983, on which date the pleadings were closed. More than 30 days thereafter respondent commenced discovery. *332 See Rules 34, 36, 38 and 70(a)(2). [7]
SANCTIONS
We are fully satisfied that respondent attempted to attain the objectives of formal discovery through informal requests, consultation or communication with petitioners' counsel as required by this Court's rules and the mandates of its opinions. [8] When those attempts proved fruitless respondent, on June 28, 1984, served on petitioners' counsel a 97 paragraph interrogatory request and a 34 paragraph document request. A review of those requests reveals that they seek information and documents which are highly relevant and material to the issues in dispute in this case. The purpose of the pleadings and discovery is to give the parties and the Court fair notice of the matters in controversy and the basis for their respective positions. See Rule 31(a) and Kabbaby v. Commissioner,64 T.C. 393, 394 (1975).All *333 of the partinent and relevant facts necessary to the disposition of a case should see the light of day prior to the trial of a case. The basic purpose of discovery is to reduce surprise by providing a means for the parties to obtain knowledge of all relevant facts in sufficient time to perfect a proper record for the Court if a case must be tried. "For purposes of discovery, the standard of relevancy is liberal. Rule 70(b) permits discovery of information relevant not only to the issues of the pending case, but to the entire 'subject matter' of the case." Zaentz v. Commissioner,73 T.C. 469, 471 (1979). When petitioners and/or their counsel totally failed to respond to respondent's discovery requests, respondent submitted motions to compel compliance therewith, which the Court filed on September 13, 1984.Upon our review of those motions the Court directed respondent to file supplements to his motions, which respondent did on October 18, 1984 and November 2, 1984, respectively. Upon the then state of this record, the Court, on December 13, 1984 served on counsel for the parties an order which states in pertinent part-- * * * Upon due consideration, it is ORDERED that respondent's *334 Motion for Order Compelling Petitioners to Comply with Respondent's Request for Production of Documents or to Impose Sanctions [as supplemented] and respondent's Motion for Order Compelling Petitioners to Answer Respondent's Interrogatories to Petitioners or to Impose Sanctions [as supplemented] are granted in that petitioners shall, within 10 days of the date of service of this Order, meet with counsel for respondent and produce to him for inspection and copying the documents requested in respondent's Request for Production of Documents and answer respondent's interrogatories, copies of each of which being duly served on counsel for petitioners on June 28, 1984. * * * Petitioners and/or their counsel did nothing, and respondent filed the motion we now consider. A copy of that motion together with a copy of a Notice of Hearing, calendaring respondent's motion for hearing at Washington, D.C. on June 5, 1985, were served on petitioners' counsel by the Court on May 2, 1985. When the case was called on June 5, 1985, as noted before, neither petitioners nor their counsel appeared, no response to respondent's motion was filed nor had the discovery requests been responded to. Our rules *335 of practice and our orders mean exactly what they say and we intend that they be complied with. Rosenfeld v. Commissioner,82 T.C. 105, 111 (1984); Odend'hal v. Commissioner,75 T.C. 400, 404 (1980); Branerton Corp. v. Commissioner,61 T.C. 691, 692 (1974). Although given more than an ample opportunity to comply with our rules and an order of this Court, petitioners and/or their counsel have not done so and there is not one valid reason extant in this record to explain their total failure to comply. They have, in essence, ignored and defied our order of December 11, 1984, and, by their inexcusable conduct, shown complete and utter disrespect for our rules and an order of this Court. Indeed, petitioners' total failure to act has worked to their detriment. Rule 104, respecting enforcement actions and sanctions, provides in pertinent part as follows-- * * * (c) Sanctions: If a party * * * fails to obey an order made by the Court with respect to the provisions of Rule 71, 72 * * * the Court may make such orders as to the failure as are just, and among others the following: * * * (3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is *336 obeyed, or dismissing the case or any part thereof, or rendering a judgment by default against the disobedient party. Rule 104(a) and (c) provide various sanctions for failure to respond to discovery requests and for failure to comply with discovery orders. The sanctions for each are the same and are enumerated in Rule 104(c). Where no discovery order is outstanding dismissal is appropriate only upon total failure to respond to discovery requests. However, where a party fails to comply with a Court order dismissal may be appropriate even though there has been a partial response. Dusha v. Commissioner,82 T.C. 592, 602-604 (1984), Court reviewed. Here, petitioners and/or their counsel have, without justification, totally refused to respond to respondent's discovery requests in spite of a specific order of this Court directing them to do so. Among the sanctions available, dismissal is one of the most severe and should not be ordered indiscriminately. Dusha v. Commissioner,supra at 605. Nevertheless, it must be available under appropriate circumstances not merely to penalize the party for failure to comply with a Court order but also to deter other taxpayers from engaging in similar *337 conduct. Dusha v. Commissioner,supra at 605-606; National Hockey League v. Met. Hockey Club,427 U.S. 639, 643 (1976). Dismissal is proper for failure to comply with this Court's discovery orders where such failure is due to willfulness, bad faith or other fault of the party. Dusha v. Commissioner,supra at 604; Societe Internationale v. Rogers,357 U.S. 197, 212 (1958). Where the evidence requested is material, failure to produce it constitutes an admission of the lack of merit in the party's position. Dusha v. Commissioner,supra at 605; HammondPacking Co. v. Arkansas,212 U.S. 322 (1909). In the circumstances of this case we conclude that petitioners' and/or their counsel's persistent, stubborn and unjustified conduct constitutes a default and that dismissal of this case for failure to comply with our rules and a specific order of this Court is, albeit a severe sanction, appropriate under Rule 104(c)(3). See Steinbrecher v. Commissioner,712 F.2d 195 (5th Cir. 1983), affg. T.C. Memo. 1983-12; Miller v. Commissioner,741 F.2d 198 (8th Cir. 1984), affg. per curiam an order of dismissal and decision of this Court; Hart v. Commissioner,730 F.2d 1206 (8th Cir. 1984), affg. per *338 curiam an order of dismissal and decision of this Court; Rechtzigel v. Commissioner,79 T.C. 132 (1982), affd. per curiam 703 F.2d 1063 (8th Cir. 1983); McCoy v. Commissioner,696 F.2d 1234 (9th Cir. 1983), affg. 76 T.C. 1027 (1981); Eisele v. Commissioner,580 F.2d 805 (5th Cir. 1978). [9] On this record, respondent's Motion will be granted, this case will be dismissed and a judgment for default will be entered. DAMAGES
Finally, we consider whether on our own motion we should award damages to the United States under section 6673. [10] *339 The Congress of the United States in its expressed desire to stem "the ever-increasing caseload of the Tax Court" amended section 6673 and made that amendment applicable "to Tax Court cases begun on or after January 1, 1983." As amended, and as applicable to this case, section 6673 provides-- Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax. [11] *340 Hence, when this Court in its discretion determines that a proceeding is being maintained primarily for delay or that the position espoused by petitioners is groundless, under the clear mandate of the statute damages not in excess of $5,000 "* * * shall be awarded to the United States * * *." At the outset we think it not only appropriate but necessary to comment on the total inaction of petitioners' counsel subsequent to the institution of this proceeding. Although he has been served with every pertinent document, he has done absolutely nothing in this *341 case since the petition was filed on November 7, 1983. Nor, so far as the record shows, has he been able to persuade petitioners to do anything. As an officer of this Court he has a duty to conduct himself in this proceeding in accordance with the Court's Rules of Practice and Procedure and to respond to clear and explicit orders and notices of this Court. We do not condone and will not tolerate the course of conduct exhibited in this proceeding, which we have seen occurring more and more in recent times. Whether such course of conduct was undertaken by counsel on his own or at the direction of his clients, their inaction will be costly for petitioners. As recited hereinbefore, where the evidence requested is material (which it is here), failure to produce it constitutes an admission of the lack of merit in the party's position. Dusha v. Commissioner,supra at 605; Hammond Packing Co. v. Arkansas,supra. Petitioners and/or their counsel have totally failed to respond to respondent's discovery requests and an order and notice of this Court. On this record, we find as a fact that petitioners' position herein lacks merit. The word "groundless" is a word of common usage and is *342 defined in Webster's Third New International Dictionary Unabridged as--"having no ground or foundation: lacking cause or reason for support." Thus, if a position lacks merit it has no valid ground or foundation and, therefore, is groundless. We, then, find as a further fact that petitioners' position in this proceeding is groundless. For this reason alone section 6673 permits an award of damages. Webster further advises us that one of the definitions of the word "maintain" is "to keep in an existing state." Webster's Ninth New Collegiate Dictionary (1984). Petitioners instituted this proceeding on November 7, 1983, and it is still pending on this Court's docket although petitioners and/or their counsel have done nothing subsequent to filing the petition. Indeed, it appears that petitioners would prefer that this proceeding remain on the Court's docket forever. Therefore, we find as a further fact that these proceedings are being maintained by petitioners primarily for delay. [12]
In a very recent opinion we had this to say, which merits repeating here-- The conferees, in discussing damages under section 6673 stated "[t]he *343 conferees believe that, with this amendment, the Congress has given the Tax Court sufficient tools to manage its docket, and that the responsibility for effectively managing that docket and reducing the backlog now lies with the Tax Court." H. Rept. 98-861 (Conf. Rept.) (1984), 1984-3 C.B. (Vol. 2) 1, 239. Congress also noted with approval the steps that this Court has taken in the tax shelter and tax protestor areas and stated that this "Court should take further action in these two areas, as well as to assert, without hesitancy in appropriate circumstances, the penalties that the Congress has provided." H. Rept. 98-861, supra at 239. [Oneal v. Commissioner, 84 T.C.     (filed June 4, 1985, Slip Op. at pg. 14).] [13]
We think this proceeding represents such an appropriate circumstance. We conclude that damages in the amount of $5,000 are appropriate; and, therefore, in our discretion, damages in that amount will be awarded to the United States under section 6673. [14] *344 An appropriate order and decision will be entered.
Footnotes
1. Petitioners are represented by counsel admitted to practice before this Court, who has been served with a copy of every pleading, order, motion and notice which make up this record. While he has not withdrawn as counsel neither he nor petitioners have filed a single paper in this record since the petition was filed.↩
2. This case was assigned pursuant to Delegation Order No. 8 of this Court, 81 T.C. XXV (1983).↩
3. All Rule references are to the Tax Court Rules of Practice and Procedure. ↩
4. See Rule 50(c).↩
5. In a statement attached to his notice respondent, explains, in part, his disallowance as follows: "It is determined, from examination of your books and records pertaining to your Schedule C master audio tape activity, that your loss for the taxable year 1979 is zero in lieu of $13,200.00. Since you reported as loss in the amount of $13,200.00, your taxable income is increased by $13,200.00 * * *."↩
6. See sec. 7502. All section references are to the Internal Revenue Code of 1954, as amended.↩
7. It appears that this case is one of a group of eight cases involving a common issue, i.e., the tax consequences of a transaction respecting a master recording. See Court's Order dated August 16, 1984.↩
8. See International Air Conditioning Corp. v. Commissioner,67 T.C. 89, 93 (1976); Branerton Corp. v. Commissioner,61 T.C. 691, 692↩ (1974); Rule 70(a)(1).
9. See also, Delaney v. Commissioner,T.C. Memo. 1985-73; Baranski v. Commissioner,T.C. Memo. 1984-639; Kuhn v. Commissioner,T.C. Memo. 1984-638; Romano v. Commissioner,T.C. Memo. 1984-568; Burton v. Commissioner,T.C. Memo. 1984-99; Douglas v. Commissioner,T.C. Memo. 1983-786, affd. without published opinion 754 F.2d 373 (6th Cir. 1984); Kuever v. Commissioner,T.C. Memo. 1983-58; Murmes v. Commissioner,T.C. Memo. 1983-55; Riehle v. Commissioner,T.C. Memo. 1982-141, appeal dismissed (7th Cir., Jan. 13, 1983); Farley v. Commissioner,T.C. Memo. 1981-606; Gaar v. Commissioner,T.C. Memo. 1981-595↩, appeal dismissed (5th Cir., June 30, 1982).
10. See Sydnes v. Commissioner,74 T.C. 864, 870-873 (1980), affd. 647 F.2d 813↩ (8th Cir. 1981), where for the first time this Court made a damage award on its own motion.
11. The Committee Reports to sec. 292(b), Pub. L. 97-248, state, in pertinent part-- "[T]he committee is concerned with the ever-increasing caseload of the Tax Court and the impact that this legislation may have on that caseload. * * * In addition, the committee decided to increase the damages, i.e., penalty, that may be assessed against a taxpayer when proceedings are instituted for delay, and to expand the circumstances under which the Tax Court may assess those damages." [H. Rept. No. 97-404, p. 11.] Although amended sec. 6673 was initially effective only for an action or proceeding commenced in this Court after December 31, 1982, the statute now permits damages to be awarded under sec. 6673 as amended where a proceeding was commenced priorto↩ January 1, 1983 and continues to be maintained as of November 15, 1984. Tax Reform Act of 1984, Pub. L. 98-369, 98 Stat. 696, Sec. 160, amending TEFRA Act sec. 292(e)(2).
12. We observe that the petition was filed over 19 months ago.↩
13. In Oneal v. Commissioner,↩ 84 T.C.     (filed June 4, 1985), which involved an abusive tax shelter "investment", $5,000 damage awards were made.
14. See Hollander v. Commissioner,T.C. Memo. 1985-184, which involved a master recording tax shelter, where a $1,000 damage award was made.