T.C. Memo. 2002-189

UNITED STATES TAX COURT

GLEN A. BLAIR, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2891-02L.              Filed August 5, 2002.

Glen A. Blair, pro se.

<u>Alan J. Tomsic</u> and <u>Karen Baker</u>, for respondent.

MEMORANDUM OPINION

PANUTHOS, <u>Chief Special Trial Judge</u>:  This matter is before the Court on respondent's motion for summary judgment filed pursuant to Rule 121.[1]  Respondent contends that there is no

---

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

dispute as to any material fact with respect to this levy action, and that respondent's determination to proceed with collection of petitioner's outstanding tax liability for 1997 should be sustained as a matter of law.

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(a) and (b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

As explained in detail below, there is no genuine issue as to any material fact, and a decision may be rendered as a matter

of law.  Accordingly, we shall grant respondent's motion for summary judgment.

Background

On or about April 27, 1998, Glen A. Blair (petitioner) and his wife, Kay Blair, submitted to respondent a joint Form 1040A, U.S. Individual Income Tax Return, for 1997.  Petitioner entered zeros on every line of the income sections of the Form 1040A, reported no tax due, and claimed a refund in the amount of $5,158.39 equal to the amount of Federal income tax withheld from his wages.  A Form W-2, Wage and Tax Statement, attached to the Form 1040A indicates that Union Oil Company of California paid petitioner wages in the amount of $45,183.73 during 1997.

On June 16, 2000, respondent issued a notice of deficiency to petitioner determining a deficiency of $8,263 in his Federal income tax for 1997 and an accuracy-related penalty under section 6662(a) in the amount of $620.32.  The deficiency was based on respondent's determination that petitioner failed to report the wage income reported to respondent by Union Oil Co.

On July 4, 2000, petitioner wrote a letter to the Director of respondent's Service Center in Ogden, Utah, acknowledging receipt of the notice of deficiency for 1997, but challenging the Director's authority to issue such notices.  Although petitioner knew that he had the right to contest respondent's deficiency

determination by filing a petition for redetermination with this Court, petitioner chose not to do so.

On October 30, 2000, respondent entered assessments against petitioner for the deficiency and accuracy-related penalty determined in the notice of deficiency for 1997 described above. Respondent also entered an assessment against petitioner for statutory interest. On October 30, 2000, and December 4, 2000, respondent issued to petitioner notices of balance due informing petitioner that he owed tax for 1997 and requesting that he pay such amount. Petitioner failed to pay the amount owing.

On February 22, 2001, respondent mailed to petitioner a Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing with regard to his tax liability for 1997. On February 24, 2001, petitioner filed with respondent a Form 12153, Request for a Collection Due Process Hearing. Petitioner's request included a challenge to the validity of the assessments and assertions that respondent failed to serve petitioner with a valid notice and demand for payment or a valid notice of deficiency. Petitioner also requested verification from the Secretary that all applicable laws and administrative procedures were followed with regard to the assessment and collection of the tax liability in question.

On November 13, 2001, Appeals Officer Douglas DeSoto conducted an Appeals Office hearing in this matter that

petitioner attended. During the hearing, the Appeals officer provided petitioner with a Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, with regard to his account for 1997. A copy of the Form 4340, dated October 22, 2001, is part of the record in this case.

On January 8, 2002, respondent issued to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330. The notice stated that the Appeals Office determined that it was appropriate to proceed with the collection of petitioner's outstanding tax liability for 1997. On February 5, 2002, petitioner filed with the Court a petition for lien or levy action seeking review of respondent's notice of determination.[2]

As indicated, respondent filed a motion for summary judgment asserting that there is no dispute as to a material fact and that respondent is entitled to judgment as a matter of law. In particular, respondent contends that, because petitioner acknowledges that he received the notice of deficiency for 1997, he cannot challenge the existence or amount of his underlying tax liability for that year in this proceeding. Respondent further asserts that the Appeals officer's review of the transcript of account for 1997 satisfied the verification requirement imposed

---

[2] At the time that the petition was filed, petitioner resided in Las Vegas, Nevada.

under section 6330(c)(1) and demonstrates that petitioner was issued a notice and demand for payment.

Petitioner filed an objection to respondent's motion repeating the various challenges first raised in his request for an administrative hearing. Thereafter, pursuant to notice, respondent's motion was called for hearing at the Court's motions session in Washington, D.C.

Discussion

Section 6331(a) provides that if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, the Secretary is authorized to collect such tax by levy on the person's property. Section 6331(d) provides that at least 30 days before enforcing collection by levy on the person's property the Secretary is obliged to provide the person with a final notice of intent to levy, including notice of the administrative appeals available to the person.

Section 6330 generally provides that the Commissioner cannot proceed with collection by levy until the person has been given notice and the opportunity for an administrative review of the matter (in the form of an Appeals Office hearing) and, if dissatisfied, with judicial review of the administrative determination. See Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000).

Section 6330(c) prescribes the matters that a person may raise at an Appeals Office hearing. In sum, section 6330(c) provides that a person may raise collection issues such as spousal defenses, the appropriateness of the Commissioner's intended collection action, and possible alternative means of collection. Section 6330(c)(2)(B) provides that the existence and amount of the underlying tax liability can be contested at an Appeals Office hearing only if the person did not receive a notice of deficiency for the taxes in question or did not otherwise have an earlier opportunity to dispute the tax liability. See Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, supra. Section 6330(d) provides for judicial review of the administrative determination in the Tax Court or a Federal District Court, as may be appropriate.

Petitioner challenges the assessments entered against him on the ground that the notice of deficiency for 1997 is invalid. However, the record shows that petitioner received the notice of deficiency and disregarded the opportunity to file a petition for redetermination with the Court. It follows that section 6330(c)(2)(B) generally bars petitioner from challenging the existence or amount of his underlying tax liability for 1997 in this collection review proceeding.

Even if petitioner were permitted to challenge the validity of the notice of deficiency, petitioner's argument that the

notice is invalid because respondent's Service Center director is not properly authorized to issue notices of deficiency is frivolous and groundless.  See Nestor v. Commissioner, 118 T.C. 162 (2002); Smeton v. Commissioner, T.C. Memo. 2002-140; Coleman v. Commissioner, T.C. Memo. 2002-132.  As the Court of Appeals for the Fifth Circuit has remarked:  "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."  Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984).

We likewise reject petitioner's argument that the Appeals officer failed to obtain verification from the Secretary that the requirements of all applicable laws and administrative procedures were met as required by section 6330(c)(1).  The record shows that the Appeals officer obtained and reviewed a transcript of account (Form 4340) with regard to petitioner's taxable year 1997.

Federal tax assessments are formally recorded on a record of assessment.  Sec. 6203.  "The summary record, through supporting records, shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment."  Sec. 301.6203-1, Proced. & Admin. Regs.

Section 6330(c)(1) does not require the Commissioner to rely on a particular document to satisfy the verification requirement imposed therein. <u>Weishan v. Commissioner</u>, T.C. Memo. 2002-88; <u>Lindsey v. Commissioner</u>, T.C. Memo. 2002-87; <u>Tolotti v. Commissioner</u>, T.C. Memo. 2002-86; <u>Duffield v. Commissioner</u>, T.C. Memo. 2002-53; <u>Kuglin v. Commissioner</u>, T.C. Memo. 2002-51. In this regard, we observe that the Form 4340 on which the Appeals officer relied contained all the information prescribed in section 301.6203-1, Proced. & Admin. Regs. See <u>Weishan v. Commissioner</u>, <u>supra</u>; <u>Lindsey v. Commissioner</u>, <u>supra</u>; <u>Tolotti v. Commissioner</u>, <u>supra</u>; <u>Duffield v. Commissioner</u>, <u>supra</u>; <u>Kuglin v. Commissioner</u>, <u>supra</u>.

Petitioner also contends that he never received a notice and demand for payment for 1997. The requirement that the Secretary issue a notice and demand for payment is set forth in section 6303(a) which provides in pertinent part:

> SEC. 6303(a). General Rule.--Where it is not otherwise provided by this title, the Secretary shall, as soon as practicable, and within 60 days, after the making of an assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof.
> * * *

The Form 4340 that respondent provided to the Court shows that notices of balance due were issued to petitioner on October 30, 2000, and December 4, 2000. A notice of balance due constitutes a notice and demand for payment within the meaning of section

6303(a).  See, e.g., <u>Hughes v. United States</u>, 953 F.2d 531, 536 (9th Cir. 1992); <u>Weishan v. Commissioner</u>, <u>supra</u>.

Petitioner has not alleged any irregularity in the assessment procedure that would raise a question about the validity of the assessments or the information contained in the Form 4340.  See <u>Nestor v. Commissioner</u>, <u>supra</u> at 167; <u>Mann v. Commissioner</u>, T.C. Memo. 2002-48.  Accordingly, we hold that the Appeals officer satisfied the verification requirement of section 6330(c)(1).  Cf. <u>Nicklaus v. Commissioner</u>, 117 T.C. 117, 120-121 (2001).

Petitioner has failed to raise a spousal defense, make a valid challenge to the appropriateness of respondent's intended collection action, or offer alternative means of collection.  These issues are now deemed conceded.  Rule 331(b)(4).  Under the circumstances, we conclude that respondent is entitled to judgment as a matter of law sustaining the notice of determination dated January 8, 2002.

As a final matter, we mention section 6673(a)(1), which authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless.  The Court has indicated its willingness to impose such penalties in collection review cases.  <u>Pierson v. Commissioner</u>, 115 T.C. 576 (2000).

Although we shall not impose a penalty on petitioner pursuant to section 6673(a)(1) in the present case, we admonish petitioner that the Court will consider imposing such a penalty should he return to the Court in the future and advance similar arguments.

To reflect the foregoing,

<u>An order and decision will be entered granting respondent's motion for summary judgment</u>.