T.C. Memo. 2016-215

UNITED STATES TAX COURT

GLEN A. BLAIR, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17635-14.                                        Filed November 23, 2016.

Glen A. Blair, pro se.

<u>Adam W. Dayton</u>, for respondent.

MEMORANDUM OPINION

BUCH, <u>Judge</u>:  The parties submitted this case fully stipulated under Rule

122.[1]  The Commissioner issued a notice of deficiency determining a deficiency,

_____

[1]Unless otherwise indicated, all Rule references are to the Tax Court Rules
of Practice and Procedure, and all section references are to the Internal Revenue

(continued...)

[*2] an additional tax, and additions to tax with respect to Glen A. Blair's Federal income tax for 2010. Because Mr. Blair stipulated that he received the income, he is liable for tax. Mr. Blair is liable for a section 72(t) additional tax because he stipulated that he received an early distribution from a qualified retirement plan. The Commissioner met his burden of production for additions to tax under section 6651(a)(1) and (2) for failure to timely file and failure to timely pay, and Mr. Blair failed to establish that the additions to tax do not apply. Mr. Blair is not liable for an addition to tax under section 6654 for failure to make estimated tax payments because the Commissioner failed to meet his burden. We will impose a section 6673(a)(1) penalty of $10,000 because Mr. Blair continued to assert frivolous arguments after having been cautioned by the Court in this proceeding and after having been sanctioned by this Court in a previous case.

## Background

Mr. Blair is a tax protester.[2] This proceeding is not the first time he has appeared before this Court. He has previously appeared at least twice: Blair v.

---

[1](...continued)
Code (Code) in effect for the year in issue. All monetary amounts are rounded to the nearest dollar.

[2]"Tax protesters" and "tax defiers" are "[p]ersons who make frivolous anti-tax arguments". Wnuck v. Commissioner, 136 T.C. 498, 502 n.2 (2011).

[*3] Commissioner, T.C. Dkt. No. 6368-05L (Feb. 2, 2006) (order and decision); Blair v. Commissioner, T.C. Memo. 2002-189. We take judicial notice of these previous proceedings.[3] In that Memorandum Opinion we warned Mr. Blair that we would impose a section 6673(a) penalty if he continued to raise frivolous arguments.[4] After that, Mr. Blair reappeared before our Court and continued to assert frivolous arguments.[5] We imposed a section 6673 penalty of $10,000.[6]

In 2010 Mr. Blair received income. Mr. Blair stipulated that he received wages, a dividend, and a distribution from a qualified retirement plan. Mr. Blair received wages from MolyCorp Minerals, LLC, of $91,354. MolyCorp reported that it withheld $9,830 from his wages. Mr. Blair received a dividend from Chevron Corp. of $68. Mr. Blair received a total distribution from a qualified retirement plan held at Wells Fargo Bank N.A. of $164,071. Wells Fargo reported

---

[3]See Fed. R. Evid. 201; see also Estate of Reis v. Commissioner, 87 T.C. 1016, 1026-1027 (1986).

[4]Blair v. Commissioner, T.C. Memo. 2002-189, 84 T.C.M. (CCH) 137, 141 (2002).

[5]Blair v. Commissioner, T.C. Dkt. No. 6368-05L (Feb. 2, 2006) (order and decision).

[6]Blair v. Commissioner, T.C. Dkt. No. 6368-05L.

[*4] that it withheld $32,814 from the distribution and indicated that the distribution was an "[e]arly distribution, no known exception".

Mr. Blair also incurred expenses. Green Tree Servicing, LLC, reported to the Commissioner that Mr. Blair paid $6,356 of mortgage interest, and Wells Fargo reported to the Commissioner that Mr. Blair paid $6,987 of mortgage interest. Mr. Blair does not allege that the interest was qualified residence interest.

Mr. Blair stipulated that he did not file a Federal tax return for 2010.

The Commissioner issued a notice of deficiency determining a deficiency attributable to the wages, dividend, and taxable distribution and a section 72(t) additional tax. The Commissioner also determined additions to tax under sections 6651(a)(1) and (2) and 6654.

While residing in Nevada, Mr. Blair timely petitioned for redetermination of the deficiency. Mr. Blair disputes the determinations made in the notice, challenges the constitutionality of the Code, and asserts that the Internal Revenue Service (IRS) does not have jurisdiction over him.

The case was scheduled for trial at the Court's trial session in Las Vegas, Nevada. When the parties appeared at the calendar call, Mr. Blair argued that he does not have to pay taxes. We disposed of many of his arguments on the record. We warned Mr. Blair that he would risk a section 6673 penalty if he asserted

**[*5]** arguments that had already been rejected by this Court.  In warning Mr. Blair, we directed him to cases that also addressed his arguments:  <u>Kernan v. Commissioner</u>, T.C. Memo. 2014-228, and <u>Waltner v. Commissioner</u>, T.C. Memo. 2014-35, <u>aff'd</u>, ___ F. App'x ___, 2016 WL 5800492 (9th Cir. Oct. 5, 2016). Because the parties agreed that the facts are not in dispute, the Court deemed the case submitted under Rule 122.  Mr. Blair subsequently submitted a memorandum brief where he perpetuated arguments that we have previously rejected.

Discussion

We must decide whether Mr. Blair received taxable income.  Additionally, we must decide whether he is liable for an additional tax and additions to tax. Finally, we must decide whether we should impose a section 6673 penalty.

I.    <u>Mr. Blair Raises Frivolous and Groundless Arguments</u>.

Mr. Blair asserts various arguments as to why he does not owe tax, including arguments that the Code lacks constitutionality and that the IRS does not have jurisdiction over him.  His arguments have been repeatedly rejected, and "[w]e perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have

**[*6]** some colorable merit."[7]  For Mr. Blair, this Court has rejected many of his arguments in his previous cases.  We also rejected many of Mr. Blair's arguments on the record at the calendar call, citing cases for him that rejected those.

## II.     Mr. Blair Received Taxable Income and Is Liable for Income Tax.

None of Mr. Blair's arguments absolves him from his obligations under the Code.  "The constitutionality of our income tax system--including the role played within that system by the Internal Revenue Service and the Tax Court--has long been established."[8]

It is clear that Mr. Blair is subject to the income tax laws.  Section 1 imposes an income tax on taxable income.  Section 63 defines taxable income as gross income minus deductions.  Mr. Blair stipulated that he received wages, a dividend, and a distribution from his retirement account.  Section 61 defines gross income to include all of these categories of income.  Accordingly, Mr. Blair is liable for income tax in the amount determined by the Commissioner.

## III.    Mr. Blair Is Liable for an Additional Tax Under Section 72(t).

Section 72(t)(1) imposes, with certain exceptions, an additional tax on an early distribution from a qualified retirement plan equal to 10% of the portion of

---

[7]Crain v. Commissioner, 737 F.2d 1417, 1417-1418 (5th Cir. 1984).

[8]Crain v. Commissioner, 737 F.2d at 1417-1418.

[*7] the amount that is includable in gross income. Mr. Blair did not allege that any of the exceptions under section 72(t) applies to the distribution he received from his qualified retirement plan. Accordingly, Mr. Blair is liable for the 10% additional tax on the distribution.[9]

IV.    Mr. Blair Is Liable for Additions to Tax.

The Commissioner bears the burden of production for additions to tax, and once the Commissioner satisfies his burden, the burden shifts to the taxpayer to prove that an addition to tax should not apply.[10]

A.    Failure To Timely File

Section 6651(a)(1) imposes an addition to tax for failure to timely file a Federal income tax return unless the taxpayer shows that the failure was due to reasonable cause and not due to willful neglect.[11] Mr. Blair was required to file a return for 2010 pursuant to section 6012, and he stipulated that he did not do so. Thus, the Commissioner has met his burden, and the burden shifts to Mr. Blair. Although Mr. Blair argues that he is not required to file a return, he received gross

---

[9]See El v. Commissioner, 144 T.C. 140, 145-149 (2015); Bunney v. Commissioner, 114 T.C. 259, 265 (2000).

[10]See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).

[11]Sec. 6651(a)(1); Higbee v. Commissioner, 116 T.C. at 446-447.

**[\*8]** income greater than the exemption amount.  He is required to file a return.[12]

He did not raise any other defenses.  Accordingly, Mr. Blair is liable for a section

6651(a)(1) addition to tax.

B.    Failure To Timely Pay

Section 6651(a)(2) imposes an addition to tax for failure to timely pay the

amount of tax shown on a return unless the taxpayer shows that the failure was

due to reasonable cause and not due to willful neglect.[13]  Under section

6651(g)(2), a return prepared by the Secretary under section 6020(b), commonly

known as a substitute for return, may be treated as the return filed by the taxpayer

for the purpose of determining the addition to tax for failure to timely pay.  The

Commissioner introduced the substitute for return, which satisfied the

requirements of section 6020(b), prepared for Mr. Blair.  Therefore, the

Commissioner has met his burden.  The burden shifts to Mr. Blair, and he failed to

raise any defense.  Accordingly, Mr. Blair is liable for a section 6651(a)(2)

addition to tax.

---

[12]Sec. 6012(a)(1)(A); see Wheeler v. Commissioner, 127 T.C. 200, 208 (2006) (the Paperwork Reduction Act is not a defense to section 6651(a)(1)), aff'd, 521 F.3d 1289 (10th Cir. 2008); Kernan v. Commissioner, T.C. Memo. 2014-228, at \*18 (stating that the Commissioner is not required to send taxpayers notice that they are required to file returns).

[13]Sec. 6651(a)(2).

**[\*9]** C.     Underpayment of Estimated Tax

Section 6654(a) imposes an addition to tax on taxpayers who underpay their required installments of estimated tax.  Each required installment of estimated tax is equal to 25% of the "required annual payment", which is equal to the lesser of (1) 90% of the tax shown on the individual's return for that year (or, if no return is filed, 90% of his or her tax for such year) or (2) if the individual filed a return for the immediately preceding taxable year, 100% of the tax shown on that return.[14]

The Commissioner failed to meet his burden.  As part of the Commissioner's burden of production, the Commissioner must produce evidence necessary to enable the Court to conclude that the taxpayer had a required annual payment under section 6654(d)(1)(B).[15]  Although the Commissioner introduced evidence that Mr. Blair had income and was required to file a Federal income tax return for 2010, the Commissioner did not introduce any evidence of whether Mr. Blair had filed a return for 2009 or whether he had shown an amount of tax on that return.  Without this evidence, we cannot determine the required annual payment

---

[14]Sec. 6654(d); see also sec. 6654(d)(1)(C) (providing that if an individual's adjusted gross income shown on the previous year's return exceeds $150,000, a higher percentage may apply).

[15]Wheeler v. Commissioner, 127 T.C. at 211.

[*10] under section 6654(d)(1)(B).[16]  Accordingly, Mr. Blair is not liable for a section 6654 addition to tax.

V.     Mr. Blair Is Liable for a Section 6673 Penalty.

A section 6673(a)(1) penalty is warranted if the taxpayer has instituted the proceedings primarily for delay, taken a position that is frivolous or groundless, or unreasonably failed to pursue available administrative remedies.[17]  The Court has discretion to impose a maximum penalty of $25,000.[18] The Court considers relevant facts and circumstances in determining the appropriate amount of a section 6673 penalty.[19]

A taxpayer evidences a primary purpose of delay if he uses frivolous or groundless arguments to delay paying his taxes.[20]  A position is frivolous if it is

---

[16]See also Wheeler v. Commissioner, 127 T.C. at 211-212 (holding that the Commissioner did not meet his burden of production to establish that the taxpayer was required to make annual payments under sec. 6654(d)); Seidel v. Commissioner, T.C. Memo. 2007-45, 93 T.C.M. (CCH) 938, 940 (2007), aff'd, 324 F. App'x 621 (9th Cir. 2009).

[17]Sec. 6673(a)(1).

[18]Sec. 6673(a)(1).

[19]Leyshon v. Commissioner, T.C. Memo. 2015-104, at *29-*30, aff'd, 649 F. App'x 299 (4th Cir. 2016).

[20]See Beard v. Commissioner, 82 T.C. 766, 781 (1984) (noting that taxpayer admitted in his brief that he knew Court had rejected arguments similar to his as

(continued...)

**[*11]** "contrary to established law and unsupported by a reasoned, colorable argument for change in the law."[21] "Groundless" means "having no ground or foundation: lacking cause or reason for support."[22] More specifically, a position is groundless if it lacks merit or states no justiciable facts in the petition and has no valid ground or foundation.[23] Frivolous and groundless claims divert the Court's time, energy, and resources away from more serious claims and increase the needless cost imposed on other litigants by these types of lawsuits.[24]

Mr. Blair instituted the proceedings primarily for delay and has taken positions that are frivolous or groundless. Mr. Blair is also a repeat offender; he has previously been warned and penalized.[25] In this proceeding Mr. Blair was

---

[20](...continued)
frivolous and groundless in many prior cases), aff'd, 793 F.2d 139 (6th Cir. 1986).

[21]Takaba v. Commissioner, 119 T.C. 285, 287 (quoting Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986)).

[22]Nies v. Commissioner, T.C. Memo. 1985-216, 1985 Tax Ct. Memo LEXIS 418, at *14 (quoting Webster's Third New International Dictionary Unabridged).

[23]See Keating v. Commissioner, T.C. Memo. 1985-312, 1985 Tax Ct. Memo LEXIS 329, at *13-*14; Nies v. Commissioner, 1985 Tax Ct. Memo LEXIS 418, at *14-*15.

[24]Coleman v. Commissioner, 791 F.2d at 72.

[25]Blair v. Commissioner, 84 T.C.M. (CCH) at 140-141; Blair v. Commissioner, T.C. Dkt. No. 6368-05L.

[*12] warned about making arguments that had already been rejected by this Court, yet he continued to raise those same arguments. Specifically, in his memorandum brief, Mr. Blair advanced arguments that were rejected at the calendar call and that were rejected in the two cases that the Court cited for him. We will impose a $10,000 sanction.

VI.   Conclusion

Mr. Blair raised frivolous and groundless arguments as to why he is not liable for tax. The arguments he raised have been repeatedly rejected. Mr. Blair received income, including an early distribution from a qualified retirement plan; therefore, he is liable for tax and an additional tax. He is liable for additions to tax under section 6651(a)(1) and (2) because he failed to timely file a return and failed to timely pay his total tax. He is not liable for an addition to tax under section 6654 because the Commissioner did not meet his burden. Mr. Blair is liable for a section 6673 penalty of $10,000 because he continued to assert groundless and frivolous arguments.

To reflect the foregoing,

Decision will be entered

under Rule 155.