T.C. Memo. 2017-153

UNITED STATES TAX COURT

GLEN A. BLAIR, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 21728-14, 21729-14.           Filed August 7, 2017.

Glen A. Blair, pro se.

<u>Adam W. Dayton</u> and <u>John C. Nash</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, <u>Judge</u>:  The issues for decision relating to 2009 and 2011 (years in issue) are whether petitioner is liable for income tax deficiencies, section 6651(a)(1) and (2) and 6654 additions to tax, and section 6673 penalties.[1]

---

[1]Unless otherwise indicated, all section references are to the Internal

(continued...)

**[*2]**                      FINDINGS OF FACT

Petitioner did not file a 2008, 2009, 2010, or 2011 Federal income tax return. In 2009 petitioner received wages of $63,435 from Molycorp Minerals, LLC, and $4,266 from Chevron Mining, Inc., and dividends of $63 from Chevron Corp. In 2011 petitioner received wages of $67,584 from Molycorp Minerals, LLC, and dividends of $74 from Chevron Corp. Respondent prepared substitutes for returns (SFRs) relating to 2009 and 2011. In notices of deficiency dated June 17, 2014, respondent determined deficiencies of $10,394 and $10,669 relating to 2009 and 2011, respectively. In addition, respondent determined that petitioner was liable for section 6651(a)(1) and (2) and 6654 additions to tax. On September 15, 2014, petitioner, while residing in Nevada, timely filed petitions with the Court.

At the beginning of the December 14, 2016, trial in Las Vegas, Nevada, the Court stated that it would be inclined to impose penalties if petitioner made

---

[1](...continued)
Revenue Code relating to the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[\*3]** frivolous contentions. Petitioner failed to heed the Court's warning, and respondent moved for the imposition of section 6673 penalties.[2]

OPINION

Petitioner contends that he has no Federal income tax liability but concedes that he received the wages and dividends at issue.[3] Accordingly, we sustain the determined deficiencies. We also sustain the determined additions to tax. Respondent established that petitioner failed to file returns or pay the amounts shown on the 2009 and 2011 SFRs. See sec. 7491(c); Wheeler v. Commissioner, 127 T.C. 200, 207-208 (2006), aff'd, 521 F.3d 1289 (10th Cir. 2008). Without reasonable cause, petitioner willfully neglected to timely file returns and timely pay his tax liability. See sec. 6651(a)(1) and (2). Respondent also established that petitioner did not file a 2008 or 2010 tax return; that petitioner was obligated, but failed, to make the requisite payments relating to 2009 and 2011; and that petitioner's failure to make annual payments was attributable to willful neglect,

---

[2]In three previous cases petitioner made groundless contentions, and on two occasions the Court imposed a $10,000 sec. 6673(a)(1) penalty. Blair v. Commissioner, T.C. Memo. 2002-189; Blair v. Commissioner, T.C. Dkt. No. 6368-05L (Feb. 2, 2006) (order and decision); Blair v. Commissioner, T.C. Memo. 2016-215.

[3]Pursuant to sec. 7491(a), petitioner has the burden of proof because he failed to introduce credible evidence. See Rule 142(a).

**[*4]** not reasonable cause.  <u>See</u> sec. 6654.  Finally, petitioner persistently asserted frivolous contentions and is therefore liable for a $5,000 section 6673(a)(1) penalty relating to 2009 and a $5,000 section 6673(a)(1) penalty relating to 2011.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Appropriate orders and</u>

<u>decisions will be entered</u>.