T.C. Memo. 2007-45

UNITED STATES TAX COURT

LAURA DENISE SEIDEL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24034-04.                    Filed February 27, 2007.

Laura D. Seidel, pro se.

<u>Jeremy L. McPherson</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Respondent determined a $61,546 deficiency
in petitioner's 2002 Federal income tax and a $1,528 addition to
tax pursuant to section 6654(a),[1] as well as additions to tax

---

[1] Unless otherwise indicated, all section references are to
the Internal Revenue Code, and all Rule references are to the Tax
Court Rules of Practice and Procedure.

pursuant to section 6651(a)(1) and (2).  After concessions,[2] the issues for decision are (1) whether $157,000[3] petitioner received in connection with a settlement of a lawsuit is excludable from gross income pursuant to section 104(a)(2), and (2) whether petitioner is liable for an addition to tax pursuant to section 6654(a).

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.  At the time she filed the petition, petitioner resided in Yuba City, California.

---

[2] Respondent conceded the sec. 6651(a)(1) and (2) additions to tax.  Respondent also conceded that petitioner paid $10,835 for medical expenses, $6,129 for taxes, $18,911 for interest, and $1,091 in charitable donations.

[3] This amount equals settlement proceeds of $475,000 net of petitioner's attorney's fees, litigation expenses, and the amount paid to her as wages.  In Commissioner v. Banks, 543 U.S. 426 (2005), decided over 10 months before trial in this case, the Supreme Court held that as a general rule, when a litigant's recovery constitutes income, the portion of the recovery paid to an attorney as a contingent fee is included in the litigant's income.  At the beginning and the end of the trial, pursuant to Rule 41(b) respondent orally moved to amend the pleadings to conform to the evidence (i.e., to treat the entire settlement proceeds of $475,000 as income).  Generally we do not consider issues that are raised for the first time at trial.  See Foil v. Commissioner, 92 T.C. 376, 418 (1989), affd. 920 F.2d 1196 (5th Cir. 1990); Markwardt v. Commissioner, 64 T.C. 989, 997 (1975). Additionally, we denied respondent's motion as it was prejudicial to petitioner to allow respondent to amend the pleadings this late.  Respondent had sufficient time to amend the pleadings before trial.

In 1978, petitioner was hired by the California State Automobile Association (now American Automobile Association, or AAA). She was employed as an insurance claims adjuster and a bodily injury claims adjuster for more than 20 years. Over the years, her workload increased, causing her to feel overwhelmed. Petitioner complained to her supervisors, but very little was done to address her concerns. As the employment relationship deteriorated, and work-related stress mounted, petitioner sought medical attention.

In 1994, petitioner was diagnosed with Attention Deficit Disorder (ADD) and Obsessive Compulsive Disorder (OCD). In 1998, petitioner was diagnosed with posttraumatic stress disorder. These conditions were aggravated by the demands and workload of petitioner's position. Again petitioner complained to her supervisors and requested accommodations from her employer regarding her condition. These requests were not granted, and petitioner eventually became totally unable to perform her work functions. Petitioner took a series of leaves of absence because she was not able to work under these conditions.

In 2001, petitioner filed a lawsuit against her employer both in California State court and in the U.S. District Court for the Eastern District of California. In the District Court, petitioner alleged three causes of action: (1) Employment discrimination on account of mental disability in violation of

the California Fair Employment and Housing Act (FEHA), Cal. Govt. Code sec. 12940 (2000); (2) employment discrimination in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. sec. 12101 (2000); and (3) a State law claim based upon the failure to compensate for overtime in violation of California State regulations. In her California State court complaint, petitioner alleged four causes of action (based upon the same facts as the District Court case): (1) Discrimination on the basis of disability and failure to provide reasonable accommodation for disability, FEHA, Cal. Govt. Code sec. 12940; (2) failure to provide an environment free of harassment and discrimination in employment, FEHA, Cal. Govt. Code sec. 12940; (3) retaliation; and (4) alleged overtime violations on the part of her employer. In both lawsuits, petitioner prayed for damages for the loss of wages, of earning capacity, and of benefits of employment; general damages for emotional distress; incidental and punitive damages; and reasonable attorney's fees and costs.

In March of 2002, petitioner and AAA entered into a "Settlement Agreement and General Release of All Claims" that settled all claims between petitioner and AAA (settlement agreement). The settlement agreement resolved the California State court complaint and the District Court complaint. The settlement agreement provided payment to petitioner of the following amounts:

| | |
|---|---|
| Payable to petitioner with no amounts withheld | $157,000 |
| Payable to petitioner as wages, with payroll tax withheld | 50,000 |
| Payable to petitioner's attorneys for legal fees and costs with no amount withheld | 268,000 |

Page 3 of the settlement agreement provided that petitioner "acknowledges that she considers the payment of the check payable to her without withholdings [the $157,000 payment] to be compensation for personal injury (i.e. emotional distress) damages only".

Respondent issued petitioner a notice of deficiency for 2002 determining that $157,000 of the settlement was not excludable from her gross income pursuant to section 104(a)(2).

OPINION

I. Deficiency

A. Burden of Proof

Generally, the taxpayer bears the burden of proving the Commissioner's deficiency determinations incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Petitioner has neither claimed nor shown that she satisfied the requirements of section 7491(a) (to shift the burden of proof to respondent). Accordingly, petitioner bears the burden of proof. See Rule 142(a).

B.  Section 104

It is well established that, pursuant to section 61(a), gross income includes all income from whatever source derived unless otherwise excluded by the Internal Revenue Code.  See Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 429-431 (1955). Exclusions from gross income are construed narrowly. Commissioner v. Schleier, 515 U.S. 323, 327-328 (1995).

The Small Business Job Protection Act of 1996 (SBJPA), Pub. L. 104-188, sec. 1605, 110 Stat. 1838, amended section 104, as relevant here, to provide:

SEC. 104. COMPENSATION FOR INJURIES OR SICKNESS.

(a) In General.--Except in the case of amounts attributable to (and not in excess of) deductions allowed under section 213 (relating to medical, etc., expenses) for any prior taxable year, gross income does not include--

*    *    *    *    *    *    *

(2) the amount of any damages (other than punitive damages) received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal physical injuries or physical sickness;

*    *    *    *    *    *    *

* * * For purposes of paragraph (2), emotional distress shall not be treated as a physical injury or physical sickness. * * *

Section 104 as amended by the SBJPA generally is effective for amounts received after August 20, 1996.  SBJPA sec. 1605(d), 110 Stat. 1839.

"Damages received" mean amounts received "through prosecution of a legal suit or action based upon tort or tort type rights, or through a settlement agreement entered into in lieu of such prosecution". Sec. 1.104-1(c), Income Tax Regs. In evaluating whether amounts received pursuant to the settlement agreement are excludable from income pursuant to section 104(a)(2), we look to the written terms of the settlement agreement to determine the origin and allocation of the settlement proceeds. See Metzger v. Commissioner, 88 T.C. 834 (1987), affd. without published opinion 845 F.2d 1013 (3d Cir. 1988); Jacobs v. Commissioner, T.C. Memo. 2000-59, affd. sub nom. Connelly v. Commissioner, 22 Fed. Appx. 967 (10th Cir. 2001).

Petitioner settled her claims against her former employer before trial. The parties entered into a written settlement agreement. The dispute between respondent and petitioner revolves around the following language in the settlement agreement: "[Petitioner] acknowledges that she considers the payment of the check payable to her without withholdings to be compensation for personal injury (i.e. emotional distress) damages only".

The parties agree that this sentence applies to the $157,000 payment at issue. Petitioner contends that this language means that the settlement was compensation for personal injuries including, but not limited to, emotional distress and

that the abbreviation "i.e." means "for example". Respondent argues that the parenthetical phrase "personal injury (i.e. emotional distress) damages only" is a limiting phrase and the abbreviation "i.e." means "that is".

"I.e." is an abbreviation for the Latin phrase "id est", which means "that is" or "that is to say". Black's Law Dictionary 746 (6th ed. 1990). Accordingly, we agree with respondent that the parenthetical phrase in the settlement agreement limits and defines the phrase "personal injury" to mean emotional distress only.

Furthermore, the settlement agreement does not contain language indicating that any portion of the settlement was paid for a physical injury or physical sickness. Thus, even if the Court were to accept petitioner's reading of the settlement agreement, there is no apportionment of any of the settlement proceeds to a physical injury or physical sickness.

Accordingly, we conclude that none of the settlement proceeds of $157,000 is excluded from gross income.

II. Addition to Tax

A. Burden of Production

Section 7491(c) provides that the Commissioner bears the burden of production with respect to the liability of any individual for additions to tax. "The Commissioner's burden of production under section 7491(c) is to produce evidence that it

is appropriate to impose the relevant penalty, addition to tax, or additional amount".  Swain v. Commissioner, 118 T.C. 358, 363 (2002); Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  If a taxpayer files a petition alleging some error in the determination of an addition to tax, the taxpayer's challenge will succeed unless the Commissioner produces evidence that the addition to tax is appropriate.  Swain v. Commissioner, supra at 363-365.

Petitioner challenged the section 6654 addition to tax in her petition.  Accordingly, respondent bears the burden of production on this issue.

B.  Section 6654

Section 6654 provides for an addition to tax in the event of an underpayment of a required installment of individual estimated tax.  Sec. 6654(a) and (b).  Each required installment of estimated tax is equal to 25 percent of the "required annual payment", which is equal to the lesser of (1) 90 percent of the tax shown on the individual's return for that year (or, if no return is filed, 90 percent of his or her tax for such year), or (2) if the individual filed a return for the immediately preceding taxable year, 100 percent[4] of the tax shown on that return.  Sec. 6654(d)(1)(A) and (B)(i) and (ii).  "In order to

---

[4] If the adjusted gross income shown on the return for the preceding taxable year exceeds $150,000, 100 percent is replaced with 112 percent for 2001.  Sec. 6654(d)(1)(C)(i).

satisfy his burden of production under section 7491(c) regarding petitioner's liability for the section 6654 addition to tax, respondent, at a minimum, must produce evidence necessary to enable the Court to conclude that petitioner had a required annual payment under section 6654(d)(1)(B)."  Wheeler v. Commissioner, 127 T.C. 200, 211 (2006).

Petitioner credibly testified that she filed a return for 2001.  Respondent, however, has not provided evidence of the amount of tax shown on the 2001 return or that petitioner did not file a return for 2001.  Without this information, we cannot determine the amount of the "required annual payment".  Therefore, respondent has not met his burden of production regarding the section 6654 addition, and we conclude that petitioner is not liable for this addition to tax.

In reaching all of our holdings herein, we have considered all arguments made by the parties, and, to the extent not mentioned above, we find them to be irrelevant or without merit.

To reflect the foregoing,

Decision will be entered under Rule 155.