T.C. Summary Opinion 2011-136

UNITED STATES TAX COURT

THELMA RUFFIN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11785-10S.                    Filed December 7, 2011.

Thelma Ruffin, pro se.

<u>Robert M. Romashko</u>, for respondent.

GUSTAFSON, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court,

---

[1]Unless otherwise noted, citations herein of sections refer to the Internal Revenue Code (26 U.S.C.), and citations of Rules refer to the Tax Court Rules of Practice and Procedure.

and this opinion shall not be treated as precedent for any other case.

The Internal Revenue Service (IRS) determined a deficiency of $4,091 in petitioner Thelma Ruffin's Federal income tax for 2008. The issue for decision is whether $12,500 that Ms. Ruffin received as settlement proceeds must be included in her gross income.[2] The IRS moved under Rule 121 for summary judgment on this issue; Ms. Ruffin filed a response; and it is clear that there are no material factual disputes, so the case can be decided as a matter of law without a trial. For the reasons set forth below, we hold that the settlement proceeds must be included in Ms. Ruffin's gross income for 2008.

## Background

Ms. Ruffin alleges the following facts, which for purposes of this opinion we assume to be true.

Several times in the years 2002 to 2005, Ms. Ruffin submitted various job applications to the City of Chicago, but her applications were not given fair consideration. Ms. Ruffin joined a class action lawsuit against the City of Chicago, the Democratic Organization of Cook County, and others, which alleged

---

[2]The notice of deficiency also made adjustments to Ms. Ruffin's child tax credit and additional child tax credit under section 24 and her earned income tax credit under section 32. The IRS's motion for summary judgment shows that these are computational adjustments that follow necessarily from the inclusion of the settlement proceeds in income, and Ms. Ruffin does not dispute this showing.

that the defendants had violated a prior consent decree and engaged in politically discriminatory hiring practices.

As her own claim of damages, Ms. Ruffin filled out an "Accord Claim Form" on which she stated in part:

> I am claiming monetary damages dating back to as early as 06/12/2002. Had I been given the opportunity to interview for open employment opportunities, I surely would have been hired for the positions and earned salary ranging from 35-40,000 a year. I was denied the opportunity to earn this salary from the City of Chicago--los[t] potential wages. Also, I claim discrimination damages against the City of Chicago for not affording me the opportunity to interview and compete for open available employment opportunities with the City of Chicago.

The class action lawsuit resulted in an "Agreed Settlement Order and Accord". The defendants established a "Claim Fund", and a court-appointed monitor divided that fund among more than 1,400 claimants, after considering--

> previously agreed upon factors. Those factors include the following:
>
> (a) the facts presented by the Claimant regarding the alleged violation;
>
> (b) the strength of the evidence presented by the Claimant;
>
> (c) the salary or rate of pay of the position sought or held;
>
> (d) the ratio of applicants to the actual number of positions filled;
>
> (e) the economic benefit of the action at issue and number of eligible recipients;
>
> (f) the amount of the Claim Fund; and
>
> (g) the number of claims submitted.

Using those criteria, the monitor awarded $12,500 to Ms. Ruffin, and the City of Chicago issued Ms. Ruffin a check dated May 30, 2008, in the amount of $12,500.

Ms. Ruffin filed a Federal income tax return for 2008 that did not report this settlement payment as income. On March 15, 2010, the IRS issued to Ms. Ruffin a notice of deficiency that adjusted her gross income to include the settlement proceeds and determined the resulting tax deficiency. On May 24, 2010, Ms. Ruffin filed her petition, disputing that inclusion and asking this Court to redetermine her deficiency.

Discussion

## I. General legal principles

As a general rule, the IRS's determinations are presumed correct, and the taxpayer has the burden of establishing that the determinations in the notice of deficiency are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). However, this case is now before us on a motion for summary judgment under Rule 121. In that context the moving party bears the burden of establishing that there are no genuine issues of material fact, and factual inferences are drawn in the light most favorable to the party opposing the motion. See Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

Section 61(a) provides the following broad definition of the term "gross income":  "Except as otherwise provided in this subtitle, gross income means all income from whatever source derived".  Section 61(a) is thus broad in its scope, and exclusions from gross income must be narrowly construed. Commissioner v. Schleier, 515 U.S. 323, 328 (1995).

II.  The parties' contentions

In its motion for summary judgment, the IRS argues that Ms. Ruffin's settlement proceeds fall within the broad scope of section 61(a):

> 15.  Based upon this claim form [quoted above], petitioner was awarded damages for lost wages.  This Court has stated that the critical question regarding settlement proceeds is "in lieu of what was the settlement paid." Bagley v. Commissioner, 105 T.C. 396, 406 (1995).  If the settlement proceeds represent something that would have been taxable, such as wages, then the settlement proceeds, too, are taxable.  Estate of Williams v. Commissioner, T.C. Memo 2009-5.

> 16.  Here, petitioner's claim was for redress for lost wages, and accordingly, the award stemming from that claim is taxable.

Petitioner opposes the IRS's motion by contending that the settlement proceeds should not be characterized as lost wages. Instead, she characterizes them variously:  as a settlement for the defendants' violations of the law; as compensation for the city's rigged hiring system; as monetary damages or award; and as political discrimination damages.

III. <u>Analysis</u>

For four reasons, we must hold in favor of the IRS:

A.    <u>Lost wages are included in gross income</u>.

The IRS is correct that the nature of the claim that was the basis for the settlement controls the nature of those damages for tax purposes.  Cf. <u>United States v. Burke</u>, 504 U.S. 229, 237 (1992) (determining excludability from gross income under section 104(a)(2)).  Thus, the nature of the damages is dictated by the nature of the injury suffered, and here that injury was clearly wage-related.  The damages were paid for (in Ms. Ruffin's own words) "los[t] potential wages".  If the City of Chicago had hired Ms. Ruffin for one of the jobs for which she applied, the wages she earned from that job would have been subject to tax; because she was wrongly denied the chance to earn those (taxable) wages and received instead a settlement payment to recompense that loss of (taxable) income, the payment that the City of Chicago made to compensate her for lost (taxable) wages takes on the taxable character of the income it replaced.

B.    <u>The settlement was not for physical injuries or sickness</u>.

When the taxability of settlement proceeds is disputed, a common issue is whether the proceeds are excluded from income because they were "received * * * on account of personal physical injuries or physical sickness", under section 104(a)(2).  In this case, however, Ms. Ruffin makes no allegation that she received

her settlement on account of "physical injuries or physical sickness", and there is nothing in the record to suggest that her damages for the City of Chicago's discriminatory hiring practices had any physical component. The record shows that emotional distress was one of the forms of injury that the settlement was to redress; and a victim of employment discrimination may in some circumstances suffer physical symptoms from the emotional distress of being mistreated; but section 104(a) is clear that "emotional distress shall not be treated as a physical injury or physical sickness"; and the legislative history of this statutory provision shows that "[i]t is intended that the term emotional distress includes symptoms (e.g., insomnia, headaches, stomach disorders) which may result from such emotional distress." H. Conf. Rept. 104-737, at 301 n.56 (1996), 1996-3 C.B. 741, 1041.

Therefore, to be excludable from gross income under section 104(a)(2), a settlement award would have to be paid to a taxpayer on account of physical injury or physical sickness <u>other than</u> symptoms of emotional distress; but Ms. Ruffin has made no hint of suffering either emotional distress or such resulting injuries or sickness.

    C.   <u>Ms. Ruffin's alternative characterizations of the settlement proceeds do not disprove that they were lost wages</u>.

Even if we accept Ms. Ruffin's characterizations, they are not really at odds with the IRS's characterization of the

proceeds as lost wages.  Damages can be both "lost wages" <u>and</u>

"money damages" for "political discrimination".  If we accept

Ms. Ruffin's contention that the proceeds are (for example) a

settlement for "political discrimination", that term describes

the nature of the <u>wrong</u> that the defendants committed, but it

does not describe the nature of the <u>damages</u> Ms. Ruffin received,

which is the important issue in this suit.  If a hypothetical

taxpayer were to receive settlement proceeds for an injury

suffered in a politically motivated <u>physical</u> assault, then she

might be able to claim that the settlement proceeds were received

on account of personal physical injuries.  For tax purposes, the

political motivation of the hypothetical assault would not be

material; but the nature of the damages paid--i.e., a payment for

physical injury--would dictate the tax consequences (i.e., under

section 104(a)(2)).  Here the political motivation for the City

of Chicago's employment discrimination is not material; but the

nature of the damages paid--i.e., a payment for (in Ms. Ruffin's

own words) "los[t] potential wages"--dictates the tax

consequences.

> D.   <u>Settlement proceeds are taxable income even if they are not payment for "lost wages"</u>.

Even if we were to overlook evidence in the record and

Ms. Ruffin's own characterization and conclude that the damages

were <u>not</u> "lost wages", the damages would not thereby become non-

taxable.  As we have noted, section 61(a) defines gross income to

include "all income from whatever source derived", and exclusions from gross income are to be narrowly construed.  Ms. Ruffin received from the City of Chicago a payment of money, however it might be characterized.  It falls within the scope of the broad statutory term "<u>all</u> income".  (Emphasis added.)  Unless she can point to a statutory provision that excludes it from gross income, it is included.  Her position appears to assume that the law excludes "settlements", or "monetary damages", or "political discrimination awards" from gross income, but there is no such exception to section 61(a).  Payments in settlement of employment discrimination claims are taxable unless a statutory provision justifies exclusion from income.  See <u>Seidel v. Commissioner</u>, T.C. Memo. 2007-45, affd. 324 Fed. Appx. 621 (9th Cir. 2009).  There is no statutory provision that would exclude Ms. Ruffin's settlement payment from gross income, whether or not it was for "lost wages".

## Conclusion

We hold that the $12,500 payment from the City of Chicago is includable in Ms. Ruffin's gross income for tax year 2008, and we will grant the IRS's motion.  For that reason,

<u>An appropriate order and</u>

<u>decision will be entered</u>.