151 T.C. No. 1

UNITED STATES TAX COURT

BENTON WILLIAMS, JR., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 30487-15.                    Filed July 3, 2018.


P did not file a Federal income tax return for 2012. R prepared a substitute for return and determined a deficiency in P's Federal income tax, an additional tax under I.R.C. sec. 72(t), and additions to tax under I.R.C. sec. 6651(a)(1) and (2). P filed a petition containing frivolous arguments and then filed a series of frivolous pretrial motions and made frivolous posttrial arguments.

I.R.C. sec. 6673(a)(1) authorizes the Tax Court to impose a penalty of up to $25,000 on a taxpayer whenever it appears that the proceeding was instituted primarily for delay or that the taxpayer's position is frivolous or groundless. I.R.C. sec. 6751(b)(1) requires that no penalty under the I.R.C. shall be assessed unless the initial determination of the penalty is personally approved by the immediate supervisor of the individual making the determination. See Graev v. Commissioner, 149 T.C. ___ (Dec. 20, 2017), supplementing and overruling in part 147 T.C. 460 (2016).

Held:  P is liable for the deficiency, additional tax, and additions to tax.

Held, further, the authority of the Tax Court to impose a penalty under I.R.C. sec. 6673(a)(1) is not subject to the approval requirement of I.R.C. sec. 6751(b)(1).

Held, further, P is liable for a $2,000 penalty under I.R.C. sec. 6673(a)(1).

Benton Williams, Jr., pro se.

Evan K. Like, for respondent.

RUWE, Judge:  The Commissioner determined a deficiency in petitioner's 2012 Federal income tax of $9,000 and additions to tax under section 6651(a)(1) and (2)[1] of $135 and $39.75, respectively.  The issues for decision are:  (1) whether $43,396 of unreported wages that petitioner received in 2012 is includible in taxable income; (2) whether $7,200 of unemployment compensation that petitioner received in 2012 is includible in taxable income; (3) whether a $7,890 distribution that petitioner received from his retirement account in 2012 is includible in taxable income; (4) whether petitioner is liable for the 10%

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect at all relevant times.

additional tax under section 72(t); and (5) whether petitioner is liable for the additions to tax under section 6651(a)(1) and (2). The Court will also consider whether it should impose a penalty on petitioner pursuant to section 6673(a)(1).

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.

Petitioner resided in Ohio when he filed his petition.

In 2012 petitioner received: (1) $43,396 of wages from Appleton Papers, Inc.; (2) unemployment compensation of $7,200 from the Ohio Department of Job & Family Services; and (3) a $7,890 distribution from Principal Life Insurance Co.[2] Petitioner did not file a Federal income tax return for 2012. As a result, the Commissioner prepared a substitute for return (SFR) that consisted of a Form 13496, IRC Section 6020(b) Certification; a Form 4549, Income Tax Examination Changes; and a Form 886-A, Explanation of Items. On August 31, 2015, the Commissioner issued petitioner a notice of deficiency for 2012. Petitioner timely filed a petition with this Court.

---

[2]The Commissioner determined that the distribution from Principal Life Insurance Co. was a distribution from a qualified retirement plan.

In his petition, petitioner raised frivolous arguments. He then filed several pretrial motions in which he raised the same type of arguments. On March 28, 2016, respondent's counsel sent petitioner a letter informing him that the arguments he raised in a motion for summary judgment were frivolous and that respondent would move for the Court to impose a penalty under section 6673(a)(1) if he persisted. On March 14, 2017, respondent's counsel sent petitioner another letter, in which he reminded petitioner of the Tax Court's authority to impose a penalty under section 6673(a)(1).

At trial respondent filed a motion asking the Court to impose a section 6673(a)(1) penalty on petitioner. Petitioner stated to the Court at trial:

> [T]he Court just denied my motions * * * for lack of subject matter jurisdiction, personal territorial jurisdiction to force a direct income tax, and, of course, I was struck down on that. So to me it appears that here in the [C]ourt, the Court will not recognize that type of argument * * *

The Court later warned petitioner that the type of arguments he was pursuing was of the sort that have generated penalties. However, on brief petitioner continued raising frivolous arguments.[3]

---

[3]The following excerpt is an example of the type of arguments petitioner raised in his brief:

> Petitioner is not in any contract with the irs and is not domiciled in

(continued...)

OPINION

I. Deficiency

   A. Unreported Income

Section 61(a) defines gross income as all income from whatever source derived. Petitioner stipulated to receiving the amounts set forth in the notice of deficiency. At trial petitioner neither testified nor presented any witnesses. However, he asserts, using tax-protester type arguments, that the income he received in 2012 is not taxable under the Code. His arguments are shopworn tax-protester arguments that have been universally rejected by this Court. See, e.g., Wnuck v. Commissioner, 136 T.C. 498 (2011); Wheeler v. Commissioner, 127 T.C. 200 (2006), aff'd, 521 F.3d 1289 (10th Cir. 2008); Blair v. Commissioner, T.C. Memo. 2016-215, at *5-*6; Orr v. Commissioner, T.C. Memo. 1981-111, 1981 Tax Ct. Memo LEXIS 637. We will not painstakingly address petitioner's arguments "with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984); see also Kanofsky v.

---

[3](...continued)
the "United States" federal zone. (Article 4 Sec 3 Cl 2) It is illegal to kidnap the Petitioner's identity as a Constitutional Citizen by birth and move it to the District of Columbia without the Petitioner's consent. (18 U.S.C. 1201)[.]

Commissioner, T.C. Memo. 2015-70, at *2. Accordingly, we hold that the Commissioner's determinations of unreported income as set forth in the notice of deficiency are correct, and those determinations are sustained.

B. Section 72(t) Additional Tax

Section 72(t)(1) imposes, with certain exceptions, an additional tax on an early distribution from a qualified retirement plan equal to 10% of the portion of the amount that is includible in gross income. Because section 72(t) imposes a "tax" rather than a penalty or an addition to tax within the meaning of section 7491(c), petitioner has the burden of production on this issue. See El v. Commissioner, 144 T.C. 140, 145-149 (2015).

Petitioner has not disputed that the distribution from Principal Life Insurance Co. was a distribution from a qualified retirement plan. He has alleged no facts and produced no evidence showing that he had attained the age of 59-1/2 when he received the distribution or that any other statutory exception applies. We will accordingly sustain the Commissioner's determination that petitioner is liable for the 10% additional tax under section 72(t).

C. Additions to Tax

The Commissioner determined that petitioner is liable for additions to tax under section 6651(a)(1) and (2). Respondent has the burden of production with

respect to these additions to tax. <u>See</u> sec. 7491(c). Once respondent satisfies this burden, petitioner has the burden of proof with respect to exculpatory factors such as reasonable cause. <u>See</u> <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446-447 (2001).

1. <u>Section 6651(a)(1)</u>

Section 6651(a)(1) imposes an addition to tax when a taxpayer fails to timely file a return unless the taxpayer establishes that the failure was due to reasonable cause and not due to willful neglect.

Petitioner was required to file a return for 2012 pursuant to section 6012, and he stipulated that he did not do so. Thus, respondent has met his burden, and the burden shifts to petitioner.

Although petitioner argues that he is not required to file a return, he received gross income greater than the exemption amount. <u>See</u> sec. 6012(a)(1)(A). He did not present any evidence that his failure to file was due to reasonable cause and not willful neglect. Accordingly, petitioner is liable for the addition to tax under section 6651(a)(1).

2. <u>Section 6651(a)(2)</u>

Section 6651(a)(2) imposes an addition to tax for failure to timely pay the amount of tax shown on a return unless the taxpayer shows that the failure was due to reasonable cause and not due to willful neglect. An SFR prepared by the

Secretary pursuant to section 6020(b) is treated as "the return filed by the taxpayer for purposes of determining the amount of the addition" under section 6651(a)(2). Sec. 6651(g)(2).

Petitioner does not contend that he paid the amount shown on the SFR. The SFR that respondent prepared consists of a Form 13496, a Form 886-A, and a Form 4549. That combination of documents is sufficient to constitute a valid SFR under section 6020(b). Rader v. Commissioner, 143 T.C. 376, 382 (2014), aff'd, 616 F. App'x 391 (10th Cir. 2015); see also Gleason v. Commissioner, T.C. Memo. 2011-154, 2011 Tax Ct. Memo LEXIS 151, at *39-*40. Thus, the SFR is a valid section 6020(b) return deemed to have been filed by petitioner for the purposes of section 6651(a)(2). Therefore, respondent has met his burden. Petitioner did not offer evidence that his failure to pay was due to reasonable cause and not due to willful neglect. Accordingly, we hold that petitioner is liable for the addition to tax under section 6651(a)(2).

## II. Section 6673(a)(1) Penalty

At trial respondent filed a motion asking the Court to impose a penalty on petitioner pursuant to section 6673(a)(1). Title 26, section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings in the Tax Court have

been instituted or maintained by the taxpayer primarily for delay, or that the taxpayer's position in such proceedings is frivolous or groundless.[4]

A.  Section 6751(b)(1) and Its Impact on Section 6673(a)(1)

Title 26, section 6751(b)(1) requires that "[n]o penalty under this title shall be assessed unless the initial determination of such assessment is personally approved (in writing) by the immediate supervisor of the individual making such determination or such higher level official as the Secretary may designate."[5]  In Graev v. Commissioner (Graev III), 149 T.C. ___ (Dec. 20, 2017), supplementing and overruling in part 147 T.C. 460 (2016), which was decided after trial and the

---

[4]Sec. 6673(a)(1) provides, in pertinent part:

SEC. 6673(a).  Tax Court Proceedings.--

(1)  Procedures instituted primarily for delay, etc.-- Whenever it appears to the Tax Court that--

(A)  proceedings before it have been instituted or maintained by the taxpayer primarily for delay, [or]

(B)  the taxpayer's position in such proceeding is frivolous or groundless, * * *

*     *     *     *     *     *     *

the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $25,000.

[5]Sec. 6751(b)(1) does not apply to the sec. 6651, 6654, and 6655 additions to tax or to other penalties calculated through electronic means.  Sec. 6751(b)(2).

submission of briefs in the instant case, we agreed with the holding of the Court of Appeals for the Second Circuit in Chai v. Commissioner (Chai), 851 F.3d 190 (2d Cir. 2017), aff'g in part, rev'g in part T.C. Memo. 2015-42, that the Commissioner's compliance with section 6751(b)(1) is appropriately considered in a deficiency proceeding.  Chai, 851 F.3d at 221.  This means that respondent must offer evidence in this Court of written supervisory approval for penalties covered by section 6751(b)(1) in order to meet the burden of production under section 7491(c).  See Graev III, 149 T.C. at ___ (slip op. at 14).

The penalty at issue in Graev III was a section 6662(a) penalty, which is a penalty determined by the Commissioner in a notice of deficiency or by Chief Counsel for the Internal Revenue Service (IRS) in the answer or amended answer filed on behalf of the Commissioner in this Court.  What Graev III made clear is that an initial determination by the IRS to assert a penalty requires written approval by an IRS supervisor and that an initial determination by a Chief Counsel attorney to affirmatively plead such a penalty on behalf of the IRS requires written supervisory approval by the attorney's supervisor.  See Graev III, 149 T.C. at ___, ___ (slip op. at 5, 14).  However, Graev III left many questions unanswered.  See Graev III, 149 T.C. at ___, ___ (slip op. at 45-50, 62-63) (Holmes, J., concurring).

As relevant to this case, the application of section 6751(b)(1) to section 6673(a)(1) is arguably unclear.  See Graev III, 149 T.C. at ___ (slip op. 62-63) (Holmes, J., concurring).  The section 6673(a)(1) penalty can be imposed only at the discretion of the Court for misbehavior before the Court.  It is not a penalty determined by the Commissioner.  Under section 6673(a)(1), the Tax Court "may" impose the penalty regardless of whether the Commissioner moves for its imposition.

### B.  Statutory Construction

A long-established canon of statutory construction is that "[w]here there is no clear intention otherwise, a specific statute will not be controlled or nullified by a general one, regardless of the priority of enactment."  Radzanower v. Touche Ross & Co., 426 U.S. 148, 153 (1976) (quoting Morton v. Mancari, 417 U.S. 535, 550-551 (1974)).  Further, it is a cardinal rule of statutory construction that repeals by implication are disfavored.  United States v. United Cont'l Tuna Corp., 425 U.S. 164, 168 (1976); Morton, 417 U.S. at 549.  This principle is given "special weight" when deciding whether a specific statute has been repealed by a general statute.  United Cont'l Tuna Corp., 425 U.S. at 169.  Nevertheless, an implied repeal may be found in certain limited circumstances:

"(1) Where provisions in the two acts are in irreconcilable conflict, the later act to the extent of the conflict constitutes an implied repeal of the earlier one; and (2) if the later act covers the whole subject of the earlier one and is clearly intended as a substitute, it will operate similarly as a repeal of the earlier act. But, in either case, the intention of the legislature to repeal must be clear and manifest * * *"

Hahn v. Commissioner, 110 T.C. 140, 149 (1998) (quoting Radzanower, 426 U.S. at 154).

Sections 6673(a)(1) and 6751(b)(1) are not in irreconcilable conflict, section 6751(b)(1) is not a substitute for section 6673(a)(1), and Congress did not express a manifest intent to repeal section 6673(a)(1) or to modify the longstanding procedural rules that govern the processing of cases in the Tax Court.

An irreconcilable conflict exists when "there is a positive repugnancy between * * * [the statutes] or * * * they cannot mutually coexist." Radzanower, 426 U.S. at 155. If the two statutes can coexist, it is the duty of the courts to give effect to both. Morton, 417 U.S. at 551.

Here the purposes of sections 6751(b)(1) and 6673(a)(1) can both be served while giving effect to both provisions. Section 6751 was enacted as part of the IRS Restructuring and Reform Act of 1998, Pub. L. No. 105-206, sec. 3306, 112 Stat. at 744. Congress expressed its intent with respect to section 6751(b) in the

legislative history.[6]  The Senate Finance Committee believed "that penalties should only be imposed where appropriate and not as a bargaining chip."  S. Rept. No. 105-174, at 65 (1998), 1998-3 C.B. 537, 601.  The committee further explained that section 6751(b)(1) "requires the specific approval of <u>IRS</u> management to assess all non-computer generated penalties unless excepted."  <u>Id.</u> (emphasis added).  This is bolstered by the terms of section 6751(b)(1), which allow only two individuals to approve a penalty:  (1) "the immediate supervisor of the individual making the determination"; or (2) "such higher level official as the Secretary may designate."  The committee's intent was key to the holding in <u>Chai</u>.

In <u>Chai</u>, 851 F.3d at 219, the court stated:

> We must therefore "consult legislative history and other tools of statutory construction to discern Congress's meaning."  It is particularly useful to "consider reliable legislative history" in cases like this where "the statute is susceptible to divergent understandings and, equally important, where there exists authoritative legislative history that assists in discerning what Congress actually meant."  "The most enlightening source of legislative history is generally a committee report, particularly a conference committee report, which

---

[6]If a statute is ambiguous, as it is in this case, <u>see</u> <u>Chai v. Commissioner</u>, 851 F.3d 190 (2d Cir. 2017), <u>aff'g in part, rev'g in part</u> T.C. Memo. 2015-42; <u>Graev v. Commissioner</u>, 149 T.C. __, __ (slip op. at 31) (Dec. 20, 2017) (Holmes, J., concurring), <u>supplementing and overruling in part</u> 147 T.C. 460 (2016), then we properly consult the legislative history to discern the statute's purpose, <u>see</u> <u>Caltex Oil Venture v. Commissioner</u>, 138 T.C. 18, 34 (2012) (citing <u>Burlington N. R.R. Co. v. Okla. Tax Comm'n</u>, 481 U.S. 454, 461 (1987)).

we have identified as among 'the most authoritative and reliable materials of legislative history.'"

The report from the Senate Finance Committee on § 6751(b) states clearly the purpose of the provision and thus Congress's intent: "The Committee believes that penalties should only be imposed where appropriate and not as a bargaining chip." The statute was meant to prevent IRS agents from threatening unjustified penalties to encourage taxpayers to settle. ("[T]he IRS will often say, if you don't settle, we are going to assert penalties."). * * * [Citations omitted.]

The legislative history of section 6673(a)(1) shows that Congress had different priorities in granting the Tax Court the power to impose section 6673(a)(1) penalties. Section 6673(a)(1) was last amended by the Omnibus Budget Reconciliation Act of 1989 (OBRA), Pub. L. No. 101-239, sec. 7731, 103 Stat. at 2400. The OBRA changed the award allowable under section 6673(a)(1) from "damages" to "penalties" and increased the amount allowable from a maximum of $5,000 to a maximum of $25,000. The legislative history explains:

[T]he $5,000 maximum [award] provided under present law appears to be ineffective in deterring taxpayers from taking frivolous positions.

The committee has explicitly chosen to call these awards "penalties", rather than "damages" (as under present law), so that it is clear that specific damages incurred by the United States need not be proved before the court may impose this penalty. The committee believes that dealing with these frivolous lawsuits wastes scarce judicial resources and delays the resolution of legitimate disputes. The committee expects that its modifications to this provision will further decrease frivolous lawsuits. * * *

H.R. Rept. No. 101-247, at 1399-1400 (1989), 1989 U.S.C.C.A.N. 1906, 2869-2870.

Sections 6673(a)(1) and 6751(b)(1) are not in irreconcilable conflict and can coexist. Section 6673(a)(1) applies by its terms only to penalties imposed by the Tax Court for frivolous and groundless claims that waste the time and resources of the Court. Congress designed section 6673(a)(1) as a tool for the Tax Court to combat frivolous litigation and reduce its congested docket. Section 6673(a)(1) is a positive grant of power.

On the contrary, section 6751(b)(1) was intended to apply only to IRS determinations. Congress designed section 6751(b)(1) to clamp down on a perceived IRS practice. Section 6673(a)(1) has an entirely different purpose. There is no positive repugnancy between the sections, and they can positively coexist.

The legislative history makes clear that section 6751(b)(1) is intended to prevent the IRS from improperly using penalties that are within its power to determine in order to coerce settlements. The legislative history states that Congress intended for this to be accomplished by requiring that IRS management approve penalties that it has the authority to determine. Consequently, the "individual making * * * [a penalty] determination" as described in section

6751(b)(1) is an IRS employee.  S. Rept. No. 105-174, supra at 65, 1998-3 C.B. at 601.  The Tax Court is not mentioned in section 6751 or its legislative history. Section 6673(a)(1) is designed to deter bad behavior in litigation before the Tax Court and conserve judicial resources.  Section 6751(b)(1) is clearly not intended as a mechanism to restrain the Tax Court.

Title 26, section 7482(c)(4) is similar to section 6673(a)(1).  It grants the Supreme Court of the United States and the U.S. Circuit Courts of Appeals the power to impose penalties in cases where the decision of the Tax Court is affirmed and the court decides "that the appeal was instituted or maintained primarily for delay or that the taxpayer's position in the appeal is frivolous or groundless." Section 6673(b)(1) authorizes the District Courts to impose a penalty not in excess of $10,000 if a taxpayer maintains a "frivolous or groundless" position in a section 7433 proceeding.  Section 6751(b)(1) was not intended as a broad restraint mechanism on the Federal judiciary.  It was not intended to cover the imposition of penalties that Congress intended could be imposed by courts because of misbehavior by a litigant during the course of a judicial proceeding.  Accordingly, we hold that section 6751(b)(1) does not apply to the Tax Court when it imposes penalties under section 6673(a)(1).

C.  Petitioner's Liability for the Section 6673(a)(1) Penalty

Before trial, respondent's counsel warned petitioner that the arguments he was advancing were frivolous.  At trial petitioner seemed to acknowledge that his arguments would be viewed as frivolous.  We even warned petitioner that the arguments he was advancing appeared to be frivolous.  Yet his brief consisted solely of frivolous arguments.

Section 6673(a)(1) was designed to deter this type of behavior.  Accordingly, we impose a penalty of $2,000 pursuant to section 6673(a)(1).

In reaching our decision, we have considered all arguments made by the parties, and to the extent not mentioned or addressed, they are irrelevant or without merit.

To reflect the foregoing,

An appropriate order and decision will be entered.